IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY DWIGHT BLANEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1401-L-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jerry Dwight Blaney, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed with prejudice on limitations grounds.

**Background**

Petitioner was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *See Blaney v. State*, No. 05-08-1049-CR, 2011 WL 94704 (Tex. App. – Dallas, Jan. 12, 2011, no pet.). In 2009 and 2010 – before his conviction was final on direct review – Petitioner filed unsuccessful motions for leave to file an application for writ of habeas corpus in the Texas Court of Criminal Appeals. *See Ex parte Blaney,* WR-72,873-01 (Tex. Crim. App. Oct. 28, 2009); *Ex parte Blaney*, WR-72,873-02 (Tex. Crim. App. Dec. 1, 2010). Petitioner also filed eight applications for federal habeas relief, each of which

was dismissed without prejudice for failing to exhaust state remedies. *See Blaney v. 203rd Judicial Court*, 3:08-cv-637-G, 2008 WL 2790818 (N.D. Tex. July 17, 2008); *Blaney v. State of Texas*, 3:08-cv-1382-L, 2008 WL 4791865 (N.D. Tex. Oct. 30, 2008); *Blaney v. Thaler,* 3:09-cv-1572-O, 2009 WL 4906549 (N.D. Tex. Dec. 15, 2009); *Blaney v. Thaler,* 3:10-cv-1540-K, 2010 WL 4321590 (N.D. Tex. Oct. 26, 2010); *Blaney v. Thaler,* 3:10-cv-1541-N, 2010 WL 5093948 (N.D. Tex. Dec. 13, 2010); *Blaney v. Thaler*, 3:10-cv-1542-K, 2010 WL 4366989 (N.D. Tex. Oct. 26, 2010); *Blaney v. Thaler*, 3:10-cv-2179-D, 2010 WL 5452117 (N.D. Tex. Dec. 28, 2010) & *Blaney v. Thaler*, No. 3:11-cv-1013-L, 2012 WL 527868 (N.D. Tex. Feb. 16, 2012). Petitioner then filed an application for state post-conviction relief, which was denied without written order on the findings of the trial court. *See Ex parte Blaney,* WR-72,873-03 (Tex. Crim. App. Jan. 16, 2013). Petitioner filed this federal habeas application no earlier than March 4, 2013.[1]

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 32. Petitioner addressed the limitations issue in a reply brief filed on July 3, 2013. *See* Dkt. No. 33.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

---

[1] Petitioner's habeas application indicates that he placed it in the prison mail system on March 4, 2013. *See* Dkt. No. 3 at 10. Respondent provides evidence that Petitioner submitted the petition to prison authorities no earlier than April 3, 2013. *See* Dkt. No. 34-1 at 2-4.

establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The AEDPA statute of limitations is subject to equitable tolling in "rare and exceptional" circumstances. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The AEDPA statute of limitations can also be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also

satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, ... a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 327).

## Analysis

Petitioner was sentenced to life imprisonment for sexually assaulting his then-eleven year old daughter. The trial court's judgment was affirmed on January 12, 2011 and Petitioner's motion for rehearing was overruled by order issued February 14, 2011. Petitioner did not file a timely petition for discretionary review. Therefore, his conviction became final for limitations purposes on March 16, 2011 – 30 days after the state appeals court overruled his motion for rehearing. *See* TEX. R. APP. P. 68.2(a).

Petitioner did not file a proper application for state post-conviction relief until he placed his third state habeas petition in the prison mail system no earlier than April 25, 2012. *See* Dkt. No. 28-55 at 18; *see also Richards v. Thaler,* 710 F.3d 573, 578-79 (5th Cir. 2013). The writ was denied on January 16, 2013. The limitations period is not subject to statutory tolling for the period of time during which Petitioner's state habeas application was pending, because it was filed more than one year after his conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Petitioner submitted his federal writ application no earlier than March 4, 2013, over two years after his conviction became final.

Petitioner has submitted a reply brief nominally addressing the issue of

limitations, *see* Dkt. No. 33, and a written objection to Respondent's July 10, 2013 Advisory [Dkt. No. 34], *see* Dkt. No. 35. Although the reply brief and written objection contain the invective and statements of personal animus typical of Petitioner's past pleadings, he provides no explanation to justify his delay or to suggest that equitable tolling is appropriate. Instead, Petitioner simply restates his belief that the various state and federal judges that have considered his claims or adjudicated his cases – and now Texas Attorney General Greg Abbott – have engaged in criminal conduct. *See* Dkt. No. 33 at 1-2; Dkt. No. 35 at 1. There is certainly no basis for equitable tolling, since Petitioner was clearly and repeatedly admonished about the AEDPA's one-year limitations period before his direct appeal was final. *See Blaney v. Thaler*, No. 3:10-cv-2179-D-BK, 2010 WL 5452716, at *2 & n.2 (N.D. Tex. Nov. 8, 2010); *see also Blaney v. Thaler*, No. 3:10-cv-1540-K-BK, 2010 WL 4337818, at *2 & n.2 (N.D. Tex. Sept. 12, 2010); *Blaney v. Thaler*, No. 3:10-cv-1541-K-BK, 2010 WL 4366946, at *2 & n.2 (N.D. Tex. Sept. 12, 2010); *Blaney v. Thaler*, No. 3:10-cv-1542-K-BK, 2010 WL 4366946, at *2 & n.2 (N.D. Tex. Sept. 12, 2010); *Blaney v. Thaler*, 2009 WL 4906549, at *2 & n.3. Without a basis for equitable or statutory tolling, Petitioner's untimely writ must be dismissed.

**Recommendation**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 25, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE